UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

MICHAEL GRESHAM,

                Plaintiff,                      Case No. 1:23-cv-1110

v.                                     Honorable Robert J. Jonker

UNKNOWN HEMMER et al.,

                Defendants.
_____/

## OPINION DENYING LEAVE
## TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES

       This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff seeks leave to proceed *in forma pauperis*. (ECF No. 2.) Because Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). The Court will order Plaintiff to pay the $402.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*.[1] This fee must be paid within twenty-eight (28) days of this opinion and accompanying order. If Plaintiff fails to pay the fee, the Court will order that this case be dismissed without prejudice. Even if the case is dismissed, Plaintiff must pay the $402.00 filing fees in accordance with *In re Alea*, 286 F.3d 378, 380–81 (6th Cir. 2002).

---

[1] The filing fee for a civil action is $350.00. 28 U.S.C. § 1914(a). The Clerk is also directed to collect a miscellaneous administrative fee of $52.00. 28 U.S.C. § 1914(b); https://www.uscourts. gov/services-forms/fees/district-court-miscellaneous-fee-schedule.    The    miscellaneous administrative fee, however, "does not apply to applications for a writ of habeas corpus or to persons granted *in forma pauperis* status under 28 U.S.C. § 1915." *See* https://www.uscourts.gov/ services-forms/fees/district-court-miscellaneous-fee-schedule.

## Discussion

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604–06 (6th Cir. 1998).

Plaintiff has been an active litigant in the federal courts in Michigan. In at least eight of Plaintiff's lawsuits, the Court entered dismissals on the grounds that the cases were frivolous, malicious, and/or failed to state a claim. *See Gresham v. Caruso*, No. 2:10-cv-196 (W.D. Mich. Oct. 27, 2011); *Gresham et al. v. Canlis*, No. 2:11-cv-179 (W.D. Mich. July 29, 2011); *Gresham v. Paine*, No. 1:10-cv-1146 (W.D. Mich. Mar. 8, 2011); *Gresham v. Caruso*, No. 1:10-cv-1038 (W.D. Mich. Jan. 26, 2011); *Gresham v. Wolak*, No. 2:10-cv-239 (W.D. Mich. July 25, 2011); *Gresham v. Verville*, No. 2:10-cv-198 (W.D. Mich. Jan. 19, 2011); *Gresham v. Caruso*, No. 2:10-cv-195 (W.D. Mich. Apr. 11, 2011); *Gresham v. Mich. Dep't of Corr.*, No. 2:07-cv-241 (W.D. Mich. June 9, 2008).

Plaintiff also has been denied leave to proceed *in forma pauperis* on the basis of the three-strikes rule in numerous cases. *See, e.g.*, *Gresham v. Beauvais*, No. 1:23-cv-600 (W.D. Mich. June 15, 2023); *Gresham v. Crompton*, No. 1:22-cv-1048 (W.D. Mich. Feb. 8, 2023); *Gresham v. Akins*, No. 1:22-cv-1016 (W.D. Mich. Feb. 23, 2023); *Gresham v. Akins*, No. 1:22-cv-1015 (W.D. Mich. Feb. 1, 2023); *Gresham v. Grahn*, No. 1:21-cv-214, 2021 WL 972811 (W.D. Mich. Mar. 16, 2021); *Gresham v. Gauderer*, No. 1:19-cv-802 (W.D. Mich. Nov. 15, 2019); *Gresham v. Falk*, No. 2:19-cv-161 (W.D. Mich. Oct. 10, 2019); *Gresham v. Meden*, No. 2:18-cv-8 (W.D. Mich. June 7, 2018); *Gresham v. Miniard*, No. 1:16-cv-427 (W.D. Mich. June 7, 2016); *Gresham v. Christiansen*, No. 1:16-cv-428 (W.D. Mich. May 13, 2016); *Gresham v. Austin*, 2:16-cv-71 (W.D. Mich. May 2, 2016); *Gresham v. Jenkins*, No. 2:15-cv-11640, 2015 WL 3403942 (E.D. Mich. May 26, 2015); *Gresham v. Yunker*, No. 2:13-cv-221 (W.D. Mich. Aug. 29, 2013); *Gresham v. Nader*, 2:13-cv-212 (W.D. Mich. July 22, 2013); *Gresham v. Napel*, No. 2:13-cv-176 (W.D. Mich. June 12, 2013); *Gresham v. Romanowsky*, No. 2:12-cv-15489 (E.D. Mich. May 10, 2013); *Gresham v. Johnson*, No. 2:13-cv-10351, 2013 WL 1703897 (E.D. Mich. April 19, 2013); *Gresham v.*

*Romanowski*, No. 2:12-cv-14881 (E.D. Mich. January 7, 2013); *Gresham v. Prelesnik*, No. 1:12-cv-276 (W.D. Mich. July 2, 2012); *Gresham v. Czop*, No. 1:12-cv-494, 2012 WL 2317558 (W.D. Mich. June 18, 2012); *Gresham v. Heyns*, No. 1:12-cv-277 (W.D. Mich. Apr. 11, 2012); *Gresham v. Snyder*, No. 1:12-cv-143 (W.D. Mich. Mar. 6, 2012); *Gresham v. Mutschler*, No. 2:12-cv-12 (W.D. Mich. Apr. 20, 2012); *Gresham v. Snyder*, No. 2:12-cv-22 (W.D. Mich. Mar. 30, 2012); *Gresham v. Mutschler*, No. 2:12-cv-9 (W.D. Mich. Feb. 10, 2012); *Gresham v. Snyder*, No. 2:12-cv-5 (W.D. Mich. Jan. 27, 2012); *Gresham v. Violetta*, No. 2:12-cv-24 (W.D. Mich. Feb. 6, 2012); *Gresham v. Dahl*, No. 2:12-cv-21 (W.D. Mich. Feb. 6, 2012); *Gresham v. Napel*, No. 2:11-cv-520 (W.D. Mich. Feb. 6, 2012); *Gresham v. LaChance*, No. 2:11-cv-231 (W.D. Mich. June 24, 2011); *Dennis v. Canlis*, No. 2:11-cv-186 (W.D. Mich. June 6, 2011).

Moreover, Plaintiff's allegations do not fall within the "imminent danger" exception to the three-strikes rule. 28 U.S.C. § 1915(g). The Sixth Circuit set forth the following general requirements for a claim of imminent danger:

> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id*. at 797–98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf*. [*Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is insufficient for the imminent-danger exception).
>
> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations

that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). A prisoner's claim of imminent danger is subject to the same notice pleading requirement as that which applies to prisoner complaints. *Id*. Consequently, a prisoner must allege facts in the complaint from which the Court could reasonably conclude that the prisoner was under an existing danger at the time he filed his complaint, but the prisoner need not affirmatively prove those allegations. *Id.*

In this action, Plaintiff sues the following Oaks Correctional Facility (ECF) officials: Corrections Officer Michael Taylor and Registered Nurses Unknown Hemmer and Michelle Gilbert. Plaintiff alleges that on June 9, 2023, he was in the unit shower and asked Defendant Hemmer to provide his Norvasc, Tylenol, and Pepcid. (ECF No. 1, PageID.3.) Defendant Hemmer said "no" because Plaintiff had filed a grievance against her and Officer Beauvais. (*Id.*) Plaintiff alleges that Defendant Hemmer then called him a "snitch" and "told other prisoners on the wing and staff to assault Plaintiff." (*Id.*)

Plaintiff alleges further that Defendants conspired to "falsify records and deny the request for video camera that would have showed Defendant Hemmer did not provide Plaintiff with his medication and made statements and threats." (*Id.*) According to Plaintiff, Defendants Gilbert and Taylor "came to Plaintiff's cell in 2023 and stated they were going to cover up for Hemmer because all Plaintiff does is file grievances and lawsuits." (*Id.*)

Plaintiff alleges that because of Defendant Hemmer's actions, he was assaulted with urine, feces, and other bodily fluids by other inmates who told Plaintiff that Defendant Hemmer told them to do it and that she would give them extra medication to get high. (*Id.*, PageID.4.) He suggests these assaults occurred in June, July, August, September, and October of 2023. (*Id.*) Plaintiff alleges further that Defendant Hemmer does not give him his Norvasc and that he

experiences chest pains. (*Id.*) He contends that during the incident on June 9, 2023, he had chest pains that "could have been a heard attack" and Defendant Hemmer said, "I hope you die so you'll stop filing lawsuits and grievances." (*Id.*) Plaintiff alleges further that on October 13, 2023, an inmate stabbed him in the shower, and that the inmate told Plaintiff that he was stabbing him for Defendant Hemmer. (*Id.*) Based on these allegations, Plaintiff avers that Defendants violated his First and Eighth Amendment rights and conspired to do so. (*Id.*, PageID.3–4.)

Plaintiff avers that he should be permitted to proceed *in forma pauperis* "for being under imminent danger of serious physical injury from [being] continued to be called a snitch, being denied his Norvasc for his blood pressure, and being assaulted by prisoners." (*Id.*, PageID.3.) This is not the first time Plaintiff has relied upon allegations of being assaulted and called a snitch to attempt to demonstrate imminent danger of serious physical harm. As the Court has previously told Plaintiff, the Court does not condone assaults on prisoners and the labeling of prisoners as snitches. Here, however, as in previous lawsuits, Plaintiff does not allege any facts to support his conclusory statement that he continues to experience assaults. While Plaintiff vaguely mentions being assaulted with bodily fluids and stabbed, he does not allege any facts to support these conclusory statements. The dearth of factual allegations to show that Plaintiff continues to be assaulted because Defendant Hemmer allegedly labeled him as a snitch leads the Court to conclude that they "are described with insufficient facts and detail to establish that he is in danger of imminent physical injury . . . ." *Rittner*, 280 F. App'x at 798 (footnote omitted). Based on Plaintiff's allegations, they are not sufficiently "real and proximate." *Vandiver*, 727 F.3d at 585 (quoting *Rittner*, 280 F. App'x at 797). That is not to say that they are "ridiculous . . . baseless . . . fantastic or delusional . . . irrational or wholly incredible." *Id.* (quoting *Rittner*, 280 F. App'x at 798). They are simply insufficient.

Plaintiff also vaguely suggests that he does not receive his prescribed Norvasc when Defendant Hemmer works, and that he experiences chest pains because of this. However, as the Sixth Circuit previously stated, "[c]hest pains, muscular restlessness, seizures, vomiting, stomach cramps, and dizziness can cause discomfort and pain, to be sure. Buy they are typically temporary and rarely life threatening." *Gresham v. Meden*, 938 F.3d 847, 850 (6th Cir. 2019). Although Plaintiff suggests that the chest pains he experienced on June 9, 2023, could have led to a heart attack, such an allegation is conclusory and entirely speculative, and is unsupported by sufficient facts within Plaintiff's complaint.

The Court does not discount Plaintiff's allegations regarding not receiving his Norvasc and experiencing chest pains. However, Plaintiff's vague assertion of withheld medication is insufficient to show imminent danger. *See, e.g.*, *White v. Colorado*, 157 F.3d 1226, 1232 (10th Cir. 1998) (finding that vague and conclusory assertions regarding withheld medical treatment were insufficient to satisfy the imminent danger standard). Like Plaintiff's conclusory allegations regarding assaults, his allegations regarding his medication and condition are "described with insufficient facts and detail to establish that he is in danger of imminent physical injury." *Rittner*, 290 F. App'x at 798 (footnote omitted). Plaintiff's speculation that he faces heart attacks is not sufficiently "real and proximate." *Vandiver*, 727 F.3d at 585 (quoting *Rittner*, 290 F. App'x at 797). Again, that is not to say that Plaintiff's allegations are "ridiculous . . . baseless . . . fantastic or delusional . . . irrational or wholly incredible." *Id.* (quoting *Rittner*, 280 F. App'x at 798). They are simply insufficient.

Moreover, besides Plaintiff's conclusory statements that he is still subject to assaults and withholding of his medication, which as discussed above are insufficient to show that Plaintiff was in danger of imminent physical injury when he filed his complaint, all of Plaintiff's other

allegations against Defendants relate to discrete events that occurred in the past. At most, these discrete, past events show that Plaintiff may have faced danger in the past, but they are insufficient to show imminent danger to Plaintiff. *See Vandiver*, 727 F.3d at 585 (citations omitted).

Therefore, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. Plaintiff has twenty-eight (28) days from the date of entry of this order to pay the civil action filing fees, which total $402.00. When Plaintiff pays his filing fees, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). If Plaintiff does not pay the filing fees within the 28-day period, this case will be dismissed without prejudice, but Plaintiff will continue to be responsible for payment of the $402.00 filing fees.

Dated:     October 25, 2023                      /s/ Robert J. Jonker
                                                 Robert J. Jonker
                                                 United States District Judge

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:

Clerk, U.S. District Court
399 Federal Bldg.
110 Michigan St., N.W.
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**